# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREDERICK W. COLEMAN | : | |
| | : | |
| v. | : | Civil No. CCB-10-1959 |
| | : | |
| PROVIDENT LIFE & ACCIDENT | : | |
| INSURANCE COMPANY, et al. | : | |
| | : | |

## MEMORANDUM

Frederick Coleman has sued Provident Life & Accident Insurance Company ("Provident") and Aetna Life Insurance Company ("Aetna"), alleging the denial of benefits owed to him under the Employee Retirement Income Security Act of 1974 ("ERISA"). Now pending before the court are the defendants' motions to dismiss for failure to state a claim.[1] The issues in this case have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the following reasons, the defendants' motions will be granted.

## BACKGROUND

The following facts are presented in the light most favorable to Mr. Coleman. Mr. Coleman was employed by the Maryland Shipbuilding & Drydock Company ("Maryland Shipbuilding") for seventeen years. (*See* Am. Compl. ¶ 26.) Although he first began working as an hourly employee, he was promoted to a salaried-assistant foreman position in 1980. (*Id.* at ¶ 30-31.) Mr. Coleman alleges that he participated in Maryland Shipbuilding's pension plan, both

---

[1] Also pending are the defendants' motions to strike the plaintiff's demand for a jury trial for his claim of benefits under 29 U.S.C. § 1132(a)(1)(B). Because no jury trial right attaches to a claim for benefits under § 1132(a)(1)(B), *see Phelps v. C.T. Enters., Inc.*, 394 F.3d 213, 222 (4th Cir. 2005) (citing *Berry v. Ciba-Geigy*, 761 F.2d 1003, 1007 (4th Cir. 1985)), the defendants' motions will be granted.

1

as an hourly and salaried employee. In 1987, Maryland Shipbuilding was purchased by the Fruehauf Corporation. It is unclear from the amended complaint whether Mr. Coleman was employed with Maryland Shipbuilding at the time of the purchase or whether Mr. Coleman continued his employment with the Fruehauf Corporation. The Fruehauf Corporation ceased operations in 2004.

Sometime after 2004, Mr. Coleman alleges that he learned from a former employee of Maryland Shipbuilding that the company had purchased annuities though Aetna for its salaried employees and purchased annuities through Provident for its hourly employees. (*Id.* at ¶ 11-12.) In March 2008, Mr. Coleman contacted the Pension Benefit Guaranty Corporation ("PBGC") about his pension plan with Maryland Shipbuilding. (*Id.* at ¶ 13.) PBGC did not have any information regarding Maryland Shipbuilding's pension plan, but recommended that Mr. Coleman contact the plan's administrator. (*Id.* at 15.) On April 23, 2010, Mr. Coleman sent a letter to the Retirement Committee of Fruehauf Corporation requesting information about his retirement benefits. The letter was returned to him undelivered. In addition to his failed attempts to gain information about his pension plan from either PBGC or the Retirement Committee of Fruehauf Corporation, Mr. Coleman contacted Aetna and Provident directly about his retirement benefits. Both Aetna and Provident informed Mr. Coleman that they did not have any information relating to him or his pension plan. (*Id.* at 14, 18-19.) On July 19, 2010, Mr. Coleman filed this action against Aetna and Provident to recover benefits allegedly owed to him under his pension plan.

# ANALYSIS

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Mr. Coleman has failed to state a claim upon which relief can be granted. ERISA allows

"a participant or beneficiary" of a pension plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Mr. Coleman has failed to state facts to support his allegation that he was a "participant or a beneficiary" of a pension plan protected under ERISA. First, Mr. Coleman claims that he was "both a 'participant' and 'beneficiary' in Defendants' plans." (*See* Am. Compl. ¶ 6.) Based on the facts alleged in the amended complaint, however, Mr. Coleman cannot be a participant or a beneficiary of either of the defendants' employee pension plans. Under ERISA, an employee pension plan is defined as:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that . . . such plan, fund, or program (i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond."

29 U.S.C. § 1002(2)(A). A "participant" of a pension plan is defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). A "beneficiary" is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Mr. Coleman alleges that he was an employee of Maryland Shipbuilding, not Aetna or Provident. He also fails to allege that he was designated as a beneficiary by a participant in either of the defendants' employee pension plans. Mr. Coleman, therefore, cannot be a participant in or a beneficiary of either Aetna's or Provident's employee pension plan.

To the extent that Mr. Coleman alleges that he was a "participant" in and "beneficiary" of Maryland Shipbuilding's employee pension plan, he has failed to allege that Aetna and Provident are proper defendants to his § 1132(a)(1)(B) claim. A plaintiff may bring an action to recover

4

benefits under § 1132(a)(1)(B) against the pension plan itself or fiduciaries who control the administration of the plan. *See McRae v. Rogosin Converters, Inc.*, 301 F. Supp. 2d 471, 475 (M.D.N.C. 2004) (citation omitted). ERISA defines a plan "administrator" as "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe." 29 U.S.C. 1002(16)(A). The amended complaint does not allege that Maryland Shipbuilding designated either Aetna or Provident as administrators for its pension plan or that the defendants had any control over the administration of the pension plan. The amended complaint instead alleges that the defendants were plan administrators for their own respective employee pension plans. (Am. Compl. ¶ 9.) Indeed, the amended complaint suggests that the Retirement Committee of Fruehauf Corporation was the administrator of Maryland Shipbuilding's pension plan. (*See* Am. Compl. ¶ 15-16.) Moreover, Maryland Shipbuilding, as Mr. Coleman's employer, was the "plan sponsor" of the pension plan.[2] Accordingly, to the extent that Mr. Coleman was a participant in the Maryland Shipbuilding's pension plan, Aetna and Provident are not proper defendants to his § 1132(a)(1)(B) claim.

Mr. Coleman also has failed to state a claim because he has provided no facts regarding the terms of the alleged pension plan in which he was allegedly a participant. *See Custer v. Pan*

---

[2] ERISA defines a "plan sponsor" to be:

> (i) the employer in the case of an employee benefit plan established by a single employer, (ii) the employee organization in the case of a plan established or maintained by an employee organization, or (iii) in the case of a plan established or maintained by two or more employers or jointly by one or more employers and one or more employee organizations, the association, committee, joint board of trustees, or other similar group of representatives of the parties who establish or maintain the plan.

29 U.S.C. § 1002(16)(B).

*Am. Life Ins. Co.*, 12 F.3d 410, 417 (4th Cir. 1993) (explaining that, to determine whether a plan is covered under ERISA, a court must determine whether, from the surrounding circumstances, "a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.") Here, Mr. Coleman merely alleges that he "was vested in both, the employee and management [pension] plans," and that based on his "combination of age and service, benefits should have commenced no later than February 2009." (Am. Compl. ¶ 26, 29.) He provides no detail whatsoever about the benefits of the plan, the sources of funding for the plan, or the procedures for receiving benefits. He also provides no indication of how much he is entitled to receive under the alleged pension plan. Accordingly, the court will grant the defendants' motion to dismiss. A separate order follows.

<u>May 20, 2011</u>                                         <u>          /s/          </u>
Date                                                                 Catherine C. Blake
                                                                     United States District Judge